DANT & CO. v. NORTHWESTERN UNION PACKET CO., appellant.

*Appeal from Muscatine Circuit Court—Saturday, June 8.*

DAMAGES: INTEREST.

THE petition alleges that the defendants shipped on board their steamboat at Quincy, to be delivered at Muscatine, a large lot of tobacco, the property of plaintiffs, which they unloaded in their warehouse at Muscatine in a greatly damaged condition.

That an attempt was made to ascertain by appraisement the damages to said tobacco, but defendants refused to proceed with the appraisement, and re-shipped the tobacco, and refused to deliver the same to plaintiffs. Judgment is asked for the value of the tobacco, with interest, and $300 additional damage. Answer, in general denial, and that the tobacco was re-shipped for the purpose of having the same examined by persons thoroughly competent, to the end that, if it had in fact been damaged, a just allowance might be made plaintiffs therefor.

Jury trial. Verdict for plaintiff for $1,279.66. Motion in arrest of judgment, and for new trial, overruled. Judgment for plaintiffs. Defendants appeal.

The necessary facts are stated in the opinion.

*Davidson* and *Brannan & Jayne,* for the appellants — *Cloud & Broomhall* and *Richman & Carskaddan,* for the appellees.

DAY, J. — I. Evidence was introduced upon the trial, tending to prove the following facts : On the 2d day of July, 1871, the plaintiffs shipped, in good order, at Quincy, on board the steamer S. S. Merrill, thirty-five caddies of tobacco, to be delivered at Muscatine. The tobacco was landed at Muscatine by one of defendants' vessels, the Mitchel, in a badly damaged condition. This fact being telegraphed by the agent of the defendants to the captain of the Mitchel, he ordered the tobacco to be held until his arrival. On his return he directed the damages to be assessed. Plaintiffs and defendants each selected one appraiser, who estimated the damage at seventy per cent. A few days afterward, against the objection and without the consent of plaintiffs,

defendants shipped said tobacco to St. Louis, for the purpose of having it examined there. After suit was commenced plaintiffs were notified by defendants, by letter, that the tobacco was at St. Louis, subject to their order.

It is urged that the court erred in giving the following instructions to the jury, to wit: "If you find, from the evidence before you in this action, that the material facts alleged in the plaintiffs' petition are true, to-wit: That the defendants received on board one of its boats, at Quincy, Illinois, a lot of tobacco in good condition, the property of the plaintiffs, and undertook to deliver the same to the plaintiffs at the port of Muscatine, in good order and condition, and if you further find that the defendants did not deliver the said tobacco to the plaintiffs at Muscatine, in good condition, but that it was unloaded from the said boat at Muscatine in a greatly damaged condition, and that the plaintiffs refused to receive the said tobacco until its condition could be ascertained and the damages assessed; and that, before the said damages could be ascertained, the defendants loaded the said tobacco on one of its boats and reshipped the same to another port, and has neglected or refused to deliver the same to plaintiffs, and still retains the same, then the plaintiffs may recover in this action." "The measure of damages will be (the above facts being proved to your satisfaction), the value of said tobacco in the market at Muscatine, at the time it was unloaded from the said boat, in the warehouse at Muscatine, with interest at six per cent from that date."

The principal objection urged to these instructions, and, indeed, to the entire charge of the court, is that they misconceive the nature of the action, and that it is one of trover, instead of for the recovery of damages for the injury to the tobacco. The objection is without force. Under our form of pleading it is necessary only to set forth the facts constituting the cause of action, in ordinary and concise language, and to pray the appropriate relief. The petition alleges "that, on the 8th day of August, 1871, said defendant reshipped said tobacco, and hitherto has failed, neglected and refused to deliver the same to plaintiffs, to pay them for the same, or to in any manner compensate plaintiffs for their damages in the premises," and judgment is asked for the value thereof. Evidence was introduced tending to prove these averments. The charge of the court is, in substance, that if these averments are proven, the plaintiffs are entitled to recover the value of the tobacco. If the defendants had shipped the plaintiffs' tobacco upon one of their own vessels, and refused to deliver the same, we can think of no reason which a just mind can approve, why they should not be made responsible for the value thereof. This consideration disposes of the principal objection to the remaining instructions.

It is urged, further, that if this suit can be regarded in the light of an action in trover, that the court erred in allowing plaintiffs to re-

cover interest from the time the tobacco was landed at Muscatine. It is claimed that the wrongful act had its inception at the time the property was taken possession of to be reshipped to St. Louis. We think, however, that the rule announced by the court is right. At the time the tobacco was landed at Muscatine, plaintiffs were entitled to receive it in good condition. It came in a damaged condition, and pursuant to defendants' direction, was retained for the estimation of damages. Instead of paying the damages assessed and delivering the tobacco to plaintiffs, defendants shipped it to St. Louis to have it examined by other parties. Thus, by defendants breach of contract to deliver the tobacco in good order, and their subsequent wrongful act in carrying the same without the State, plaintiffs have been deprived of the possession of the tobacco from the date of its arrival at the port of Muscatine. They should therefore recover interest upon its value from that date.

We discover no error in the action of the circuit court.

Affirmed.